**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WASHINGTON POTATO COMPANY, | No.   18-35098 |
| Plaintiff-counter-claim-defendant-Appellee, | D.C. No. 4:17-cv-05032-RMP |
| v. | |
| J.R. SIMPLOT COMPANY, | MEMORANDUM[*] |
| Defendant-counter-claimant-plaintiff-Appellant, | |
| v. | |
| OREGON POTATO COMPANY, | |
| Third-party-defendant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted February 4, 2019
Seattle, Washington

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: IKUTA and CHRISTEN, Circuit Judges, and CHOE-GROVES,[**] Judge.

J.R. Simplot Company (Simplot) appeals the district court's grant of partial summary judgment to Washington Potato Company (WPC) based on the district court's conclusion that WPC lawfully exercised its option to purchase Simplot's one-half interest in Pasco Processing, LLC under the provisions governing Deadlock in the Amended and Restated Limited Liability Company Operating Agreement (Agreement).[1] The district court certified its order granting partial summary judgment to WPC as final under Rule 54(b) of the Federal Rules of Civil Procedure. We thus have jurisdiction over this appeal under 28 U.S.C. § 1291. We affirm the district court.

Although the Members must agree on Capital Contributions, the Agreement makes clear that the Members "shall vote their respective Percentage Interests through the Board of Members." Pursuant to this provision, Members approve of Capital Contributions through the Board of Members. The affirmative vote of a majority of the Board of Members is necessary for an action under Section 6.9. Therefore, a Deadlock arises under Section 12.13 of the Agreement when the

[**] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

[1] The Agreement capitalizes defined terms. We use the same capitalization as the Agreement in this disposition.

2

Board of Members does not approve setting requirements for additional Capital Contributions because of a Tie Vote.

Even if a vote of the Board of Members is not the exclusive means through which Members may act with respect to the obligation to make further Capital Contributions, *see, e.g.*, Section 3.4, read in the context of the Agreement as a whole, Section 5.2(*l*) provides that the Manager may set requirements for Capital Contributions with the written approval of the Board of Members when those Capital Contributions have not been "approved in the Annual Business Plan and/or agreed to by the Members and Board of Members." We do not read Section 5.2(*l*) as precluding the Manager from setting such requirements in all cases, because such a reading would render the phrase "without the written approval of the Board of Members" superfluous. Because Section 5.2(*l*) concerns only the Board's authority to approve the Manager's actions, our interpretation of Section 5.2(*l*) does not make other provisions in the Agreement that require the Board of Members's approval superfluous. Therefore, because the affirmative vote of a majority of the Board of Members is necessary for an action under Section 6.9, a Deadlock arises under Section 12.13 of the Agreement when the Board of Members does not approve granting the Manager the authority to set requirements for additional Capital Contributions under Section 5.2(*l*) because of a Tie Vote.

3

This interpretation is consistent with Section 3.4 of the Agreement. While Section 3.4 provides that Members are not "obligated to make any further Capital Contributions, unless all Members agree in writing on the terms upon, and the proportions in which, such Capital Contributions will be contributed," that provision is subject to the proviso "[e]xcept as otherwise provided herein," which would include the provisions in Section 5.2(*l*).

It is undisputed that the other provisions required for a Deadlock to occur under Sections 12.13 and 9.5 were fulfilled.

**AFFIRMED.**